## WILLIAM KARJANIS
vs.
## BRADFORD REALTY CORP., ET AL.

Superior Court    New Haven County    File #51797

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

FitzGerald, Foote & FitzGerald,  Attorneys for the Plaintiff.

Samuel Hoyt,                    Attorney for the Defendants.

**MEMORANDUM FILED MARCH 31, 1937.**

O'SULLIVAN, J.   There is pending in court an action to recover for personal injuries to the plaintiff alleged to have been caused by the defendants' negligence in maintaining in a dangerous condition a coal pit into which the plaintiff fell while he was lawfully upon the premises.

An application has been addressed to the Court for an order requiring the defendants to permit the taking of photographs of the premises where the accident occurred.   This application is in the nature of a bill of discovery.

The Superior Court may, by statute, apply to the full extent of its jurisdiction equitable remedies in favor of either party.   Whenever there is any variance between the rules of equity and those of common law, in reference to the same matter, the rules of equity prevail.   **General Statutes, section 5436.**

Among the original and inherent powers of a court of equity is the power to enforce discovery, a procedural tool in use for centuries.   As far back as 1686, there is reported a case where an owner whose factor had pawned goods to a

pawnbroker was granted, on a bill of discovery, leave to inspect goods in possession of the pawnbroker to see whether they were his. **Marsden vs. Panshall, 1 Vernon 407; 23 English Reprint, 548.**

While there is a decided difference of opinion as to the power of courts to provide for examination of premises, the condition of which is involved in litigation, the reasons which deny the authority do not appear to be applicable to the court setup of Connecticut with its consolidated legal and equitable power, and furthermore run counter to many eminent writers. **5 Jones on Evidence, page 3796; 3 Wigmore on Evidence, section 1862.**

A leading case upon the subject is that of **State ex rel. American Manufacturing Co. vs. Anderson, 270 Mo. 533; 194 S.W. 268,** wherein it was held that a court of general jurisdiction has authority to require a defendant employer to admit the plaintiff, his injured employee, to his premises with experts and camera men to take measurements and photographs for the purpose of preparing for trial an action for personal injuries, notwithstanding the constitutional provision securing persons from unreasonable searches. The authorities, pro and con, are collected in a note in **33 A.L.R. 16.**

The most elementary consideration of the purpose of a judicial system would seem to require that, within reasonable and proper limits, such applications as the instant one should be granted. After all, the aim of the Court is to do justice under the law. To reach this objective, it is essential that the Court know the facts. From the very beginning it has been conceded that there must be three participants, the plaintiff who complains of an injury done, the defendant who is called upon to make satisfaction for it, and the judicial factor which is to examine the truth of the fact, to determine the law arising from the fact and, if any injury appears to have been done, to so ascertain and to apply the remedy. Hence, the important matter is to get the fact. If the plaintiff's injuries are due to the fault of the defendant, the latter ought to be held liable. If the fact discloses to the contrary, the defendant should be released from liability. At times, photographs are of great value in searching for the truth. There is no sound reason why, in this case, the reasonable request of the plaintiff should not be granted in order that the truth may be ascertained.

Accordingly the application is granted.